UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLEEN J. KENT, <br><br> Plaintiff, <br><br> v. <br><br> CREDENCE RESOURCE MANAGEMENT, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:19-cv-01382 <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** Colleen J. Kent ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Credence Resource Management, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector with its principal place of business located at 17000 Dallas Parkway, Suite 2014, Dallas, Texas 75248. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the claims giving rise to this cause of action, Plaintiff defaulted on a consumer debt ("subject debt").

7. Subsequently thereafter, the subject debt was transferred to Defendant for collections while Plaintiff was allegedly in default.

8. In or around December 2018, as soon as the subject debt was transferred to Defendant, Defendant began placing collection calls to Plaintiff's cellular telephone number (630) XXX-3655.

9. Upon information and belief, Defendant obtained Plaintiff's cellular telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 3655. Plaintiff is and always has been financially responsible for her cellular phone and its services.

11. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. In the call, Defendant asked Plaintiff to verify personal information. Plaintiff refused

to verify Defendant's personal questions, as she was unaware of who Defendant was and demanded that Defendant identify itself. Once Defendant did not identify itself, Plaintiff demanded that Defendant cease calling her cellular telephone and to send any information in writing.

12. Despite requesting Defendant to cease calling her cellular phone, Defendant continued calling Plaintiff, and Plaintiff *again* requested Defendant to cease all collection activity to her cellular phone.

13. Plaintiff answered no less than 7 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

14. Notwithstanding Defendant's lack of prior consent and Plaintiff's numerous requests that Defendant's collection calls cease, Defendant unconscionably placed or caused to be placed no less than 36 calls to Plaintiff's cellular telephone between December 2018 through the present day, in an attempt to collect on the subject debt.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone numbers that Defendant most often used to contact Plaintiff were (312) 319-8036, (312) 392-5136, (312) 462-3325, (312) 878-1836, and (312) 392-5094, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

21. Moreover, at no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g.

**DAMAGES**

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing no less than 36 harassing phone calls to Plaintiff's cellular telephone from December 2018 through the present day, using an ATDS without her prior consent.

32. Upon information and belief, Defendant obtained Plaintiff's cellular number ending in 3655 by skip-tracing it.

33. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked prior consent to be called on her cellular phone on at least 10 separate occasions.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives, subsidiaries, vendors, third-party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, COLLEEN J. KENT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

43. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

44. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

45. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

46. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), f, and g through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

47. Defendant violated §1692c(a)(1) when it continuously called Plaintiff without her prior consent and after being notified to stop on no less than 7 separate occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

48. Furthermore, Defendant has relentlessly called Plaintiff on no less than 36 occasions without her prior consent. This nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

49. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

  b. **Violations of FDCPA § 1692d**

50. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone without her prior consent seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 7 separate occasions.

51. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 36 harassing phone calls to Plaintiff's cellular telephone using an ATDS without her prior consent.

  c. **Violations of FDCPA § 1692f**

52. Defendant violated §1692f by using unfair and unconscionable conduct in attempting to collect the subject debt. Specifically, Defendant harassed Plaintiff with collection calls after she demanded that such calls cease. Defendant placed or caused to be placed no less than 36 phone calls to Plaintiff's cellular telephone in an attempt to unfairly harass Plaintiff into paying the subject debt. Defendant attempted to drown Plaintiff with harassing phone calls in order to make her submit to Defendant's conduct and make a payment on the subject debt.

  d. **Violations of FDCPA § 1692g**

53. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff

and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

54. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts without prior consent through incessant harassing phone calls to the cellular phones of consumers, including Plaintiff.

55. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls without prior consent to consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff COLLEEN J. KENT respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 25, 2019                                          Respectfully Submitted,

/s/ Marwan R. Daher                                               /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                             Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                           *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                          Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                             2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                                 Lombard, IL 60148
Telephone: (630) 537-1770                                         Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                            osulaiman@sulaimanlaw.com